UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF IDAHO

| | |
|---|---|
| ROXANNE BYMUN, an individual<br><br>                    Plaintiff,<br>vs.<br><br>CITY OF KIMBERLY, a political subdivision of the State of Idaho,<br><br>                    Defendant. | Case No. 1:20-cv-00171-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.    INTRODUCTION

Pending before the Court is Defendant City of Kimberly's Motion for Summary Judgment. Dkt. 14. Having reviewed the record, the Court finds the parties have adequately presented the facts and legal arguments in the briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court decides the pending motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the City of Kimberly's Motion for Summary Judgment is GRANTED in PART and Bymun's federal claim is DISMISSED. Absent a federal question, the Court declines to exercise supplemental jurisdiction over Bymun's remaining state claim and REMANDS this case to Idaho state court.

## II.    BACKGROUND

On March 18, 2020, Plaintiff Roxanne Bymun filed a complaint in Idaho state court against the City of Kimberly (the "City"). Bymun alleged a federal claim for violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FSLA") and a state law claim for violation of the Idaho Protection of Public Employees Act, Idaho Code §§ 6-2101–6-2109 ("IPPEA"). Dkt. 1-1. On April 8, 2020, the City removed Bymun's case to Federal Court. Dkt. 2.

After the close of discovery, the City filed the instant Motion for Summary Judgment on March 18, 2021. Dkt. 14. In its Motion, the City argued Bymun's FSLA and IPPEA claims should both be dismissed on summary judgment. In her Response, Bymun stated she had no objection to dismissal of her FSLA claim, but opposed the City's Motion for Summary Judgment with respect to her IPPEA claim. The City replied, stating it appreciated Bymun's candor regarding the FSLA claim and reiterating the FSLA claim should be dismissed. The City also responded to Bymun's arguments regarding her IPPEA claim. Neither party addressed the issue of subject matter jurisdiction should the Court dismiss Bymun's FSLA claim.

The Court set a hearing on the City's Motion for Summary Judgment for June 16, 2021. Dkt. 20. However, upon review of the parties' filings, and given Bymun's concession regarding the dismissal of her FSLA claim, the Court declines to exercise supplemental jurisdiction over Bymun's IPPEA claim, vacates the June 16, 2021 hearing, and remands this case to Idaho state court.

MEMORANDUM DECISION AND ORDER – 2

### III.   ANALYSIS

When this case was removed to federal court, the Court had original jurisdiction over Bymun's federal FSLA claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over her IPPEA claim because it was "'so related to [the] claim[] in the action within such original jurisdiction that [it] formed part of the same case or controversy under Article III of the United States Constitution." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009) (quoting 28 U.S.C. § 1367(a)) (alternations added). Courts generally retain discretion to exercise supplemental jurisdiction over pendent state-law claims after dismissal of federal claims. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also Carlsbad*, 556 U.S. at 640. However, "a federal district court with power to hear state law claims has discretion to keep, or decline to keep, them" under the conditions set forth in 28 U.S.C. § 1367(c). *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it had original jurisdiction.").

The Court may *sua sponte* decide whether to continue exercising supplemental jurisdiction over Bymun's IPPEA claim. *Acri*, 114 F.3d at 1001 n. 3. The United States Supreme Court has counseled that when federal claims are dismissed before trial, the state law claims should also be dismissed. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). The *Acri* court later clarified, "[t]hat state law claims *should* be dismissed if federal claims

are dismissed before trial, as *Gibbs* instructs, has never meant that they *must* be dismissed." *Acri*, 114 F.3d at 1000 (emphasis in original) (cleaned up)). Yet, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) (citing *Rosado v. Wyman*, 397 U.S. 397, 403-05 (1970)). The aforementioned factors will usually favor a decision to relinquish jurisdiction when "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *Carnegie-Mellon*, 484 U.S. at 350 n. 7 (quoting *Gibbs*, 383 U.S. at 726); *see also Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (noting after dismissal of federal claims, it is "generally preferable for a district court to remand remaining pendent claims to state court").

Ultimately, a district court's decision whether to exercise supplemental jurisdiction over state law claims after dismissing every claim over which it had original jurisdiction is "purely discretionary." *Carlsbad*, 556 U.S. at 639 (internal citations omitted); *accord Lacey v. Maricopa Cty.*, 693 F.3d 896, 940 (9th Cir. 2012); *see also Fichman v. Media Ctr.*, 512 F.3d 1157, 1162–63 (9th Cir. 2008) ("Having granted judgment on the federal claims, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the state claims.").

In its discretion, the Court declines to retain jurisdiction over Bymun's IPPEA claim. With the dismissal of Bymun's FSLA claim, a federal question no longer exists. The

MEMORANDUM DECISION AND ORDER – 4

best forum for the remaining state law claim, which requires interpreting the nuanced meaning of specific statutory phrases under Idaho Code § 6-2104(1)(a) such as "communicates in good faith" and "violation or suspected violation of a law," is in Idaho state court. *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 715 (9th Cir. 2009) (finding district court's decision to decline to exercise supplemental jurisdiction where all federal claims had been dismissed and "the state-law claims would involve statutory construction or interpretation and state case law analysis" was "assuredly reasonable") (cleaned up)); *Forsberg v. Pac. Nw. Bell Tel. Co.*, 623 F. Supp. 117, 128 (D. Or. 1985) (holding issues of state statutory interpretation are more appropriately resolved by state courts); *Power Road-Williams Field LLC v. Gilbert*, 14 F. Supp. 3d 1304, 1313 (D. Ariz. 2014) (remanding claim to state court following dismissal of federal claim because state courts have a greater interest and expertise in resolving state-law claims that "present complicated questions of statutory interpretation").

In short, the Court declines supplemental jurisdiction over Bymun's IPPEA claim.

## IV.   ORDER

Now, therefore, IT IS HEREBY ORDERED:

1.   Pursuant to Bymun's concession that her FSLA claim should be dismissed, the City's Motion for Summary Judgment (Dkt. 14) is **GRANTED** in **PART** and Bymun's FSLA claim is **DISMISSED WITH PREJUDICE**. The Court will issue a separate judgment on Bymun's federal claim and takes no position on the City's remaining arguments in its Motion for Summary Judgment;

2.   The summary judgment hearing set for June 16, 2021 is **VACATED**;

MEMORANDUM DECISION AND ORDER – 5

3. Bymun's IPPEA claim is **REMANDED** to the District Court of the Fifth

   Judicial District of the State of Idaho, in and for the County of Twin Falls;

4. This case is closed.

DATED: June 9, 2021

David C. Nye
Chief U.S. District Court Judge